## BUD RITTER v. STATE.

No. A-1491.   Opinion Filed June 21, 1913.

(132 Pac. 913.)

1. LARCENY—Evidence—Sufficiency. In a prosecution for larceny of live stock, the evidence is held sufficient to support the verdict, and that no prejudicial error was committed on the trial.

2. WITNESSES—Credibility of Witnesses—Question for Jury. The credibility of the witnesses testifying in behalf of the defendant is the exclusive province of the jury to determine, and although such testimony may be uncontradicted, and not directly impeached, when there are facts and circumstances admitted and

proven tending to lessen the probability that such testimony is true, the jury may give it such weight as they deem proper, even to the extent of wholly disregarding the same.

(Syllabus by the Court.)

*Appeal from District Court, Haskell County;*
*Malcolm E. Rosser, Judge.*

Bud Ritter was convicted of larceny, and appeals. Affirmed.

*John R. Pollan,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J. Bud Ritter was charged, in an information filed in the district court of Le Flore county, with the larceny of two mules, the property of John Blaylock. Upon application of the defendant, a change of venue was granted, and the cause transferred to the district court of Haskell county for trial. The trial was begun in the latter county on June 7, 1911, and thereafter on the same day the jury returned a verdict of guilty. Motion for new trial was overruled, and on June 15, 1911, the court sentenced the defendant to imprisonment for a term of two and one-half years. To reverse the judgment an appeal was perfected.

This is a companion case to that of *Bayless v. State, ante,* 130 Pac. 520.

It is contended that the verdict of the jury is not sustained by sufficient evidence, in that the possession by Bayless and this defendant of the two mules was an innocent possession, and that, although the mules may have been stolen, this defendant had no knowledge of the fact, and merely acted in the capacity of an employee in assisting Bayless. The evidence was substantially the same as that summarized in the opinion in the Bayless case, *supra,* and in addition it is shown that John Blaylock, the owner of the stolen mules, hired this defendant to assist him in his search for them, as the defendant had

said that he had seen the mules with some other stock near Heavener, and Blaylock told Bud Ritter and James R. Bayless that if they would bring in these mules that he would give them $5; that this defendant told Blaylock two or three times that he would get the mules, that he knew where they were. The evidence shows that during all this time the mules were in the possession of Will Franklin, a brother-in-law of James R. Bayless, and a distant relative of the defendant Ritter, and that this defendant was present when Franklin bought the mules. Bayless and Ritter were seen by several persons very early in that morning leading these mules toward Summerfield, and they had evidently been traveling all night. The defendant in his own behalf testified that the mules were procured by Bayless in a trade from some itinerant horse traders; Bayless giving a little bay pony known as the "Tip Sloan Pony," and some money, for the mules. It is shown by the defendant's testimony that, as soon as he learned that Blaylock had located his stolen property, he immediately drove to Will Franklin's, a distance of 25 miles, and told him not to be uneasy about the mules, that Bayless could prove where he got them. The defendant then got on the train and arrived back home early the next morning.

We think that the evidence is ample on which to base a conviction. As is said in the Bayless case, the jury are not bound to believe testimony because it is uncontradicted and not directly impeached. The credibility of the witnesses testifying in behalf of the defendant is the exclusive province of the jury to determine; and although such testimony may be uncontradicted and not directly impeached, when there are facts and circumstances admitted and proven tending to lessen the probability that such testimony is true, the jury may give it such weight as they deem proper, even to the extent of wholly disregarding the same.

See, *Wainscott v. State,* 8 Okla. Cr. 590, 129 Pac. 655.

It was for the jury to find the fact whether the defendant aided and assisted Bayless in stealing the mules.

They found the fact and applied the law as the court gave it to them, and their finding has been approved by the trial court. It follows that, in the absence of errors of law apparent in the record, prejudicial to the rights of the defendant, the judgment should be affirmed.

Upon a careful examination of the record, we find no such error. The judgment of the district court of Haskell county is therefore affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.